UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REONARD HUGHES                                CIVIL ACTION

VERSUS                                        NO: 16-17623

COUNTRYWIDE HOME LOANS,                       SECTION: A (2)
BANK OF AMERICA HOME LOANS,
RUSHMORE LOAN MANAGEMENT
SERVICES, WILMINGTON SAVINGS
FUND SOCIETY AND SHELLPOINT
MORTGAGE SERVICING

## ORDER

Before the Court is a **Motion to Dismiss for Failure to State a Claim on which Relief May be Granted (Rec. Doc. 11)** filed by Defendants Shellpoint Mortgage Servicing and Wilmington Savings Fund Society. Also before the Court is a **Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 17)** filed by Defendant Rushmore Loan Management Services ("Rushmore"). Lastly before the Court is a **Motion to Dismiss for Failure to State a Claim on which Relief May be Granted (Rec. Doc. 22)** filed by Defendants Bank of America Home Loans and Country Wide Home Loans. Plaintiff has not filed a response to the motions. The Motions, set for submission on March 8, 2017, March 22, 2017, and April 5, 2017, respectively, are before the Court on the briefs without oral argument.

I.   Background

This matter arises out of a Louisiana state court foreclosure proceeding against Plaintiff. On September 26, 2006, Plaintiff executed a promissory note in the amount of $136,918.00 in favor of Defendant Countrywide Home Loans, Inc. ("Countrywide"). (Rec. Doc. 11-1, Pg. 7). The promissory note was paraphed with a mortgage in favor of Countrywide on Plaintiff's property at 4041 South Windmere Street in Harvey, Louisiana 70058. (Rec. Doc. 11-2, Pg. 10). Because Plaintiff defaulted on the note, Bank of America, Countrywide's successor in interest, sent Plaintiff a Notice of Intent to

1

Accelerate in January, 2011. (Rec. Doc. 11-2, Pg. 1). Bank of America then filed a Petition for Foreclosure by Executory Process in July, 2011. (Rec. Doc. 11-3, Pg. 2).

On July 13, 2012 the 24th Judicial District Court of Louisiana issued an "Order of Executory Process" directing the Clerk of Court to issue a writ of seizure and sale commanding the Sheriff of Jefferson Parish to seize and sell Plaintiff's mortgaged property. (Rec. Doc. 11-4). In August, 2015, Wilmington Savings Fund Society substituted Bank of America as plaintiff in the state court proceedings because Bank of America assigned its mortgage on Plaintiff's property to Wilmington. (Rec. Doc. 11-5). On March 22, 2016, Plaintiff petitioned for an injunction to arrest the foreclosure. (Rec. Doc. 11-6). The 24th JDC denied Plaintiff's Petition for Injunction, and allowed the Sheriff's sale to proceed. (Rec. Doc. 11-7). Finally, on December 20, 2016, Plaintiff filed a lawsuit in this Court contesting the right to seizure and sale of his property, and seeking $2,500,000.00 in damages. (Rec. Doc. 1).

**II.    Analysis**

Defendants Shellpoint Mortgage Servicing ("Shellpoint") and Wilmington Savings Fund Society ("Wilmington") filed a Motion to Dismiss for Failure to State a Claim on which Relief May be Granted pursuant to 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. (Rec. Doc. 11). Defendants Bank of American Home Loans ("Bank of America") and Country Wide Home Loans filed a Motion to Dismiss for Failure to State a Claim on which Relief May be Granted pursuant to 12(b)(1), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. (Rec. Doc. 22). Lastly, Defendant Rushmore Loan Management Services filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to 12(b)(1) and 12(b)(5). (Rec. Doc. 17).

In the context of a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the party asserting jurisdiction "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When ruling on the motion, the district court can rely on the complaint, undisputed facts in the record, and the court's resolution of disputed

2

facts. *Id.* A court should grant the motion only if it appears certain the plaintiff cannot prove any set of facts that would entitle him to recovery. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

### a. Rooker-Feldman Doctrine

Defendants Shellpoint, Wilmington, Rushmore, Bank of America and Country Wide all move to dismiss Plaintiff's claims, among other reasons, for lack of subject matter jurisdiction based on the Rooker-Feldman Doctrine.

The Rooker-Feldman Doctrine "bars federal courts from adjudicating claims where the plaintiff seeks to overturn a state-court judgment." *Truong v. Bank of America, N.A.*, 717 F.3d 377, 381 (5th Cir. 2013). The Supreme Court has explained that the Rooker-Feldman Doctrine is limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced," asking the district court to review and reject the state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The Court finds that the Rooker-Feldman Doctrine strips the Court of its subject matter jurisdiction over this matter because Plaintiff is essentially asking this Court to review and reject the Louisiana state court's Order of Executory Process. The United States Court of Appeals for the Fifth Circuit has found that the first hallmark of the Rooker-Feldman inquiry is what the court is being asked to review. *Truong v. Bank of America, N.A.*, 717 F.3d 377, 382 (5th Cir. 2013). The Fifth Circuit noted that a "federal district court lacks jurisdiction 'over challenges to state court decisions in particular cases arising out of judicial proceedings,'" but may review non-state-court decisions. *Id.* (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). The Order of Executory Process, which Plaintiff seeks review and rejection of, was a state-court decision arising out of a judicial proceeding. Therefore, Plaintiff's claim meets the first inquiry of the Rooker-Feldman Doctrine.

The United States Court of Appeals for the Fifth Circuit went on to say that the "second hallmark of the Rooker–Feldman inquiry is the source of the federal plaintiff's alleged injury." *Truong*, 717 F.3d at 382. The Fifth Circuit explained, quoting the Ninth Circuit, that if the plaintiff asserts that a state court decision was erroneous, the federal district court does not have jurisdiction, but if the plaintiff asserts a legal wrong by an adverse party, the doctrine does not bar jurisdiction. *Id.* (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). For example, a claim that a child support order is void is barred by the Rooker-Feldman doctrine, but a claim that defendants violated plaintiff's constitutional rights in enforcing an order is not barred. *Id.* (citing *Mosley v. Bowie Cnty. Tex.*, 275 Fed. Appx. 327, 328–29 (5th Cir. 2008)).

As for this second hallmark of the Rooker-Feldman Doctrine, the state court's decisions to issue an Order of Executory Process directing the Sheriff to seize and sell the property and to deny Plaintiff's petition to enjoin the seizure and sale of the property are the source of Plaintiff's injury, invoking Rooker-Feldman. The United States Court of Appeals for the Fifth Circuit has held that a plaintiff's claims that a "foreclosure judgment or writ of possession was unlawful are barred by Rooker–Feldman because he [was] complaining of injuries caused by the state court judgments." *Morris v. Am. Home Mortg. Servicing, Inc.*, 443 Fed. Appx. 22, 24 (5th Cir. 2011). Plaintiff's complaint in this matter similarly contests whether the Louisiana court issued a "valid foreclosure, seizure and sale." (Rec. Doc. 1). In *Morris*, the plaintiff alleged "that the defendants wrongfully foreclosed on his home and committed various misdeeds in connection with the state court foreclosure proceedings." *Id.* Plaintiff in this matter similarly alleges that Defendants initiated "wrongful filings of executory process, foreclosure, seizure and sale, and attempted possession, reckless and illegal business practices." (Rec. Doc. 1). Therefore, according to the law of this Circuit, Plaintiff's claims in this lawsuit are barred by the Rooker-Feldman Doctrine because Plaintiff is complaining of injuries caused by state court judgments.

Because this Court does not have subject matter jurisdiction over this matter by virtue of the Rooker-Feldman Doctrine, the other arguments advanced by the Defendants in support of their motions to dismiss are moot.

Accordingly;

**IT IS ORDERED** that the Motion to Dismiss for Failure to State a Claim on which Relief May be Granted (Rec. Doc. 11) filed by Defendants Shellpoint Mortgage Servicing and Wilmington Savings Fund Society is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 17) filed by Defendant Rushmore Loan Management Services is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss for Failure to State a Claim on which Relief May be Granted (Rec. Doc. 22) filed by Defendants Bank of America Home Loans and Country Wide Home Loans is **GRANTED**.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED AS MOOT**.

New Orleans, Louisiana this 14th day of June, 2017.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE